IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CLAYTON EASON AND ANTHONY SIMMONS<br>*Plaintiffs,*<br><br>v.<br><br>DARREL WAYNE PROKUPEK, E B LEASING CO., ALL-WAYS TRANSIT, INC., AND CONSUMER COUNTY MUTUAL INSURANCE COMPANY<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 6:20-cv-00639<br>§<br>§<br>§<br>§<br>§ |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS:**

**COME NOW,** Defendants All-Ways Transit, Inc. and E B Leasing Co., and hereby petitions this Court pursuant to 28 U.S.C. §§ 1332, 1441 (b), and 1446 for removal on the basis of diversity jurisdiction to the United States District Court for the Eastern District of Texas, Tyler Division, of the action numbered and styled *Clayton Eason and Anthony Simmons v. Darrel Wayne Prokupek, E B Leasing Co., All-Ways Transit, Inc., and Consumer County Mutual Insurance Company,* Cause No. 2020-2097-CCL2, In the County Court at Law Number 2, Gregg County, Texas, (the "State Court Case"), and in support thereof would respectfully show this Court as follows:

### I.
### REMOVAL IS TIMELY

1. Defendants All-Ways Transit, Inc. and E B Leasing Co. were served with Plaintiffs' Original Petition on December 3, 2020. This Notice of Removal is filed within thirty (30) days of

service of the Petition and is timely filed under 28 U.S.C. § 1446(b). Defendants All-Ways Transit, Inc. and E B Leasing Co. seek to remove the matter and are therefore the Removing Defendants.

## II.
## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

2. The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties. Defendants asserts that Consumers County Mutual Insurance Company was impermissibly joined—through mistake or fraud—and this improper joinder does not destroy federal court's jurisdiction over this matter as the proper parties are diverse in citizenship. Plaintiffs in this action are citizens of a different state from the Defendants, and no Defendant is a citizen of Texas. Complete diversity exists.

3. Plaintiff Clayton Eason was a citizen of Gregg County, Texas at the time this action was filed. Consequently, Plaintiff Clayton Eason was at the time this action was commenced, and is currently, a citizen of the State of Texas and no other state.

4. Plaintiff Anthony Simmons was a citizen of Gregg County, Texas at the time this action was filed. Consequently, Plaintiff Anthony Simmons was at the time this action was commenced, and is currently, a citizen of the State of Texas and no other state.

5. Defendant Darrel Wayne Prokupek is a citizen of Chippewa County, Wisconsin. Defendant Darrel Wayne Prokupek was at the time of the occurrence that gave rise to this lawsuit and is currently a citizen of the State of Wisconsin and no other state.

6. Defendant E B Leasing Co. is incorporated in the State of Wisconsin with its principal place of business now, and at the time this action was commenced, in the State of Wisconsin. Defendant E B Leasing Co. was at the time this action was commenced, and is currently, a citizen of the State of Wisconsin and no other state.

7. Defendant All-Ways Transit, Inc. is incorporated in the State of Wisconsin with its

principal place of business now, and at the time this action was commenced, in the State of Wisconsin. Defendant All-Ways Transit, Inc. was at the time this action was commenced, and is currently, a citizen of the State of Wisconsin and no other state.

8. Defendant Consumers County Mutual Insurance Company is a Texas corporation, and the auto insurer of Plaintiff Clayton Eason. Defendant Consumers County Mutual Insurance Company was sued under Plaintiff Clayton Eason's underinsured motorist policy. Plaintiffs either mistakenly or fraudulently sued Defendant Consumers County Mutual Insurance Company. If not included by mistake, Defendant Consumers County Mutual Insurance Company was fraudulently joined as a party in order to destroy diversity of citizenship.[1]

9. The joinder of Consumers County Mutual Insurance Company is fraudulent as there is no real connection in the subject matter of Plaintiffs' claims against Defendants Darrel Wayne Prokupek, E B Leasing Co., and All-Ways Transit, Inc. Plaintiffs make a claim for declaratory judgment pursuant to Texas Civil Practice & Remedies Code, sections 37.001—.011. (Pls. Orig. Pet., ¶¶ 23—26). The claims regarding the coverage issues of indemnity are the proper subject of a separate lawsuit between the insurer and insured, and not appropriate for the underlying lawsuit against the alleged tortfeasors. TEX. INS. CODE ANN § 1925.101. The conditions precedent required to bring an uninsured or underinsured motorist ("UM/UIM") type of action against Defendant Consumers County Mutual Insurance Company have not been triggered. *See Brainard v. Trinity University Ins. Co.,* 216 S.W.3d 809, 818 (Tex. 2006) (citing *Henson v. S. Farm Bureau Cas. Ins. Co.*, 17 S.W.3d 652, 654 (Tex. 2000)). Plaintiffs cannot recover from Defendant Consumers

---

[1] Federal Courts use a myriad of tests to determine if diversity jurisdiction exists when claims of fraudulent joinder are alleged. The most widely used is the "No Possibility Test" requiring the removing party to show "either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court[,] or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981).

County Mutual Insurance Company, under the UM/UIM policy until they obtain a judgment establishing the liability and underinsured status of Defendants Darrel Wayne Prokupek, E B Leasing Co., and All-Ways Transit, Inc.[2]

10.     There is no possibility that Plaintiffs will be able to establish a cause of action against Consumers County Mutual Insurance Company, as it is an improper party, not connected to the incident that gave rise to this lawsuit, and the conditions precedent have not been met for the alleged cause of action. *B., Inc. v. Miller Brewing Co.,* 663 F.2d at 549. Defendant Consumers County Mutual Insurance Company is an improper party and as such its citizenship is irrelevant and should be disregarded. *See Tedder v. F.M.C. Corp.,* 590 F.2d 115, 117 (5th Cir. 1979) (stating that if the claim against a local defendant is deemed fraudulent, lack of diversity will not prevent removal). Therefore, complete diversity exists.

### III.
### AMOUNT IN CONTROVERSY

11.     In addition to complete diversity of citizenship, the complaint must meet this Court's $75,000.00 jurisdictional threshold. 28 U.S.C. § 1446(C)(2)(A). The method for properly asserting the amount in controversy are outlined in section 1446 of the United States Code. 28 U.S.C § 1446. First, the Notice of Removal may assert the amount in controversy, if the initial pleadings were not required to include a specific monetary demand or permit damages in excess of the pleadings. *Id.* § 1446(C)(2)(A). Second, removal is proper upon showing by the preponderance of the evidence that the amount in controversy exceeds this Courts $75,000.00 threshold. *Id.* § 1446(C)(2)(B). Further, parties may rely on an estimation of damages calculated

---

[2] "[B]enefits are conditioned upon the insured's legal entitlement to receive damages from a third party." *Brainard v. Trinity University Ins. Co.,* 216 S.W.3d 809, 818 (Tex. 2006) (*internal citation omitted*). In *Brainard* the Texas Supreme Court found that a plaintiff must obtain a judgment before an insurer's contractual duty to pay can be triggered. *Id; see also Henson v. S. Farm Bureau Cas. Ins. Co.*, 17 S.W.3d 652, 653—54 (Tex. 2000).

from the allegations in the complaint to prove the amount in controversy. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008); *Meridian Sec. Ins. v. Sadowski,* 441 F.3d 536, 541 (7th Cir. 2006); *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999).  Once a defendant satisfies its burden, any plaintiff wanting to remand the cause to back to state court must prove to a legal certainty that, if successful, it would not be able to recover more than the jurisdictional amount. *See McPhail,* 529 F.3d at 955.

12. A common-sense review of the Plaintiffs' Original Petition in the instant case clearly shows that the alleged damages easily exceed $75,000.00. Plaintiffs' Original Petition alleges that "Plaintiffs suffered personal injuries" as a result of the incident made the basis of this lawsuit. (Pls. Orig. Pet., ¶ 12). Plaintiff claims the following damages: injuries to their bodies; physical and mental pain in the past and future; mental anguish in the past and future; physical impairment in the past and future; and medical expenses in the past and future.. (Pls. Orig. Pet., ¶ 27). Based on Plaintiffs' claimed damages, it is clear that Defendants will be subjected to exposure beyond the $75,000.00 jurisdictional threshold of this Court. Further, Plaintiff affirmatively pleads monetary relief sought of over $1,000,000.00, pursuant to Texas Rule of Civil Procedure 47(c). (Pls. Orig. Pet., ¶ 28). Plaintiff affirmatively pleads monetary relief sought over $1,000,000.00. (Pls. Orig. Pet., ¶ 28).

13. Defendants asserts that the amount in controversy in this matter exceeds the $75,000.00 threshold exclusive of interests and costs. *See* 28 U.S.C. § 1332(a). As plead the amount in controversy in this case is in excess of $1,000,000.00. (Pls. Orig. Pet., ¶ 28). Defendants asserts that the amount in controversy in this case is in excess of $75,000.00.

## IV.
## PROCEDURAL REQUIREMENTS

14. Removal of this action is proper under 28 U.S.C. § 1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332 because Plaintiff and Defendants are diverse in citizenship.

15. Defendant Darrel Wayne Prokupek has not been properly joined and served as of the date of filing this Removal, therefore the Removing Defendants do not have to seek his consent or joinder. 28 U.S.C. § 1446(b)(2)(A). Defendant Consumers County Mutual Insurance Company was fraudulently joined to destroy diversity and its consent is not required. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993); *see also Rico v. Flores*, 481 F.3d 234, 239 (5th Cir.2007).

16. By virtue of filing this Notice of Removal, the Removing Defendants do not waive their right to assert any motions to transfer venue or dismiss, including Rule 12 motions, permitted by the applicable Rules of Civil Procedure.

17. All of the papers on file in the State Court case at the time of removal are attached hereto as Exhibit 2. Those papers include certified copies of the Court's Docket Sheet, Plaintiffs' Original Petition, and copies of all citations issued in the State Court case.

18. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

19. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the Court Administrator of the County Court at Law Number 2, Gregg County, Texas promptly after the filing of this Notice.

## V.
## PRAYER FOR RELIEF

**WHEREFORE**, Defendant All-Ways Transit, Inc. and E B Leasing Co., pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, remove this action for trial from the County Court at Law Number 2, Gregg County, Texas to this Court, on the 14th day of December, 2020.

Respectfully submitted,

By: /s/ *David L. Sargent*
**DAVID L. SARGENT**
State Bar No. 17648700
david.sargent@sargentlawtx.com
**MARTHA M. POSEY**
State Bar No. 24105946
martha.posey@sargentlawtx.com

**SARGENT LAW, P.C.**
1717 Main Street, Suite 4750
Dallas, Texas 75201
Telephone: (214) 749-6000
Facsimile: (214) 749-6100

**COUNSEL FOR DEFENDANT E B LEASING CO. AND ALL-WAYS TRANSIT, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of December 2020, a true and correct copy of the above and foregoing instrument was forwarded to the following counsel via certified mail return receipt requested:

Douglas C. Monsour
Benton G. Ross
Jim Gossett
The Monsour Law Firm
404 North Green Street
Post Office Box 4209
Longview, Texas 75606

/s/ *David L. Sargent*
**DAVID L. SARGENT**

2092028  v.1
0185/00873